UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **PRESSURE SPECIALIST, INC.**, an Illinois corporation<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**NEXT GEN MANUFACTURING INC.**, an Illinois corporation<br><br>　　　　　**Defendant.** | )<br>)<br>)<br>)　Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Pressure Specialist, Inc., by and through its attorneys, Gary I. Blackman and Mitchell J. Weinstein with Levenfeld Pearlstein, LLC and Art Gasey with Vitale, Vickrey, Niro & Gasey LLP, and for its Complaint for Patent Infringement against Next Gen Manufacturing, Inc., states as follows:

**NATURE OF THE ACTION**

This Complaint asserts claims for patent infringement that arise under the patent laws of the United States, Title 35 of the United States Code and is brought to stop Defendant's infringement of Plaintiff's United States Patent No. 6,851,447, entitled "*Direct Acting Gas Regulator*" (hereinafter, the "'447 Patent"), and United States Patent No. 7,059,343, entitled "*Direct Acting Gas Regulator*" (hereinafter, the "'343 Patent"). A copy of the '447 Patent is attached hereto as **Exhibit A** and a copy of the '343 Patent is attached hereto as **Exhibit B**.

**THE PARTIES**

1. Plaintiff, Pressure Specialist, Inc. ("PSI") is an Illinois corporation with its principal place of business at 186 Virginia Rd., Crystal Lake, IL 60014.

2. Defendant, Next Gen Manufacturing, Inc. ("Next Gen") is an Illinois corporation with a place of business at 1330 Crispin Dr., Unit 205, Elgin, IL 60123.

## JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 and 1338(a).

4. Venue is proper in this District under 28 U.S.C. § 1400(b) because Next Gen is an Illinois corporation that resides in this Judicial District; and because Next Gen has a regular and established place of business and has committed acts of infringement in this District.

## BACKGROUND

5. Plaintiff, PSI, is principally engaged in the business of designing, developing, manufacturing, distributing and selling hoses, fittings, regulators, fill stations and accessories for paintball, air-gun and related industries. PSI has designed and manufactured paintball products and holds 12 patents covering various paintball products. PSI is a leader in the industry.

6. The complained of activities in this Complaint involve the infringing manufacture, sale, and offer for sale of a paintball regulator referred to herein as the PowerHouse Competition Regulator ("the Regulator"). The Regulator is manufactured and sold by Defendant, Next Gen. Defendant directly markets and sells its infringing products to Illinois residents through its website, https://www.nextgenmfginc.com/product-page/regulator.

7. A paintball regulator is a device that regulates the pressure of the air entering a paintball gun by cutting off the air source when the pressure in the regulator chamber reaches a certain pressure. PSI has over 20 years of experience building regulators for numerous paint gun manufacturers. PSI's regulators are ASTM compliant. ASTM is an international standards

organization that develops and publishes voluntary consensus technical standards for a wide range of materials, products, systems, and services.

8. A non-party, Jeff Schreiber ("Schreiber"), worked for PSI for almost 14 years in various capacities, including on research and development teams that designed and manufactured new regulators. Schreiber had access to PSI's in-house information and confidential processes; was privy and had access to tooling and processes which distinguished PSI's products from its competitors; and was aware of PSI's patents.

9. Schreiber was terminated from Plaintiff, PSI, after which he began to directly compete with PSI by, among other things, working with Defendant to promote and sell the Regulator at issue in this case. A state court lawsuit is pending against Schreiber for breach of the non-competition and confidentiality agreements he has with Plaintiff.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 6,851,447)

10. PSI incorporates paragraphs 1 through 9 above as paragraph 10 herein.

11. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, *et seq.*

12. PSI is the owner of all right, title and interest in the '447 patent, entitled "*Direct Acting Gas Regulator*," including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

13. The '447 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

14. Defendant has directly infringed and continues to directly infringe one or more claims of the '447 patent in this judicial district and elsewhere in Illinois and the United States,

including at least Claim 1, without the consent or authorization of PSI, by or through its making, having made, offering for sale, selling, and/or using the Regulator.

15. Claim 1 of the '447 patent recites:

1. A direct acting pressure regulator for controlling the flow of a gas from a high pressure source to a low pressure device, the gas being delivered from the regulator at a predetermined outlet pressure, comprising:

a body having a high pressure inlet and defining a seat, the body having a guide sleeve formed therein;

a bonnet engageable with the body to define a piston chamber within the body and the bonnet, the bonnet having a regulated gas outlet and defining a stop surface therein, the body guide sleeve extending into the piston chamber;

a piston disposed within the piston chamber and in part in the guide sleeve, the piston defining a gap between the piston and a wall defining the piston chamber, the piston movable between an open regulator condition and a closed regulator condition, the piston including a support having a sealing element with a sealing surface engageable with the seat and movable toward the seat to the closed regulator condition to close a flow path through the regulator and away from the seat to the open regulator condition to open the flow path through the regulator, the seal element being formed from a resilient material, the support having axially disposed openings therein for communicating gas from around the support to a central longitudinal bore in the piston, the piston having an impingement surface in flow communication with the central bore such that gas pressure on the impingement surface exerts a force on the piston to move the piston to the closed regulator condition, the piston including a shoulder for engaging the bonnet stop surface at the open regulator condition;

a spring disposed in the piston chamber for urging the piston to the open regulator condition;

a first seal disposed between the sealing element and the piston chamber at about the guide sleeve;

a second seal disposed between the impingement surface and the piston chamber; and

a pin valve disposed in the central longitudinal bore of the piston.

(Exh. A. Col. 5, line 33-Col. 6, line 32).

16. Pictures of the Regulator, both assembled and exploded, are set forth below:



17. The Regulator has a body with a high pressure inlet and a seat in the body.

18. The body of the Regulator has a guide sleeve.

19. The Regulator has a bonnet that is threaded onto the body to define a piston chamber.

20. The bonnet of the Regulator has a low pressure side outlet.

21. The Regulator has a piston disposed within the piston chamber and in part in the guide sleeve.

22. The bonnet of the Regulator has a stop surface that stops movement of the piston.

23. The Regulator includes a gap formed between the piston and the piston chamber wall.

24. The piston of the Regulator moves between an open position in which the piston moves off of the seat and a closed position in which the piston seats on the seat.

25. The piston of the Regulator includes a support in which a resilient ball is positioned.

26. The Regulator piston support has openings that are transverse to the support and that open into a bore in the piston.

27. The Regulator piston includes a shoulder that engages the bonnet stop surface.

28. A spring is positioned on the piston within the piston chamber. The spring urges the resilient ball off of the seat.

29. The Regulator includes an O-ring seal on the piston between the resilient ball and the piston chamber.

30. The Regulator includes a pin valve positioned in the piston bore.

31. PSI has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is liable to PSI in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

32. Defendant has committed direct infringement through making, offering to sell, selling and/or advertising the infringing Regulator.

33. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

34. Defendant's infringement of the '447 patent has been such that merits an award of enhanced damages under 35 U.S.C. § 284. Plaintiff is complying with the notice requirements of 35 U.S.C. § 287. Defendant has engaged in copying of PSI's patented technology, possibly

aided by a former PSI employee who had access to such technology. Defendant has had notice of the '447 patent since at least the service of this Complaint and has continued or will be continuing to infringe the '447 patent since the date it had notice despite an objectively high likelihood that their actions constitute infringement of the '447 patent and a subjective knowledge or obviousness of such risk.

35. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 7,059,343)

36. PSI incorporates paragraphs 1 through 9 and 16 through 30 above as paragraph 36 herein.

37. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. § 271, *et seq*.

38. PSI is the owner of all right, title and interest in the '343 patent, entitled "*Direct Acting Gas Regulator*," including the right to exclude others and to enforce, sue and recover damages for past and future infringement.

39. The '343 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

40. Defendant has directly infringed and continues to directly infringe one or more claims of the '343 patent in this judicial district and elsewhere in Illinois and the United States, including at least Claim 1, without the consent or authorization of PSI, by or through its making, having made, offering for sale, selling, and/or using the Regulator.

41. Claim 1 of the '343 patent recites:

> 1. A direct acting pressure regulator for controlling the flow of a gas from a high pressure source to a low pressure device, the gas being

> delivered from the regulator at a predetermined outlet pressure, comprising:
>
> a body having a high pressure inlet and defining a seat;
>
> a bonnet engageable with the body to define a piston chamber within the body and the bonnet, the bonnet having a regulated gas outlet;
>
> a piston disposed within the piston chamber and defining a gap between the piston and a wall defining the chamber, the piston movable between an open regulator condition and a closed regulator condition, the piston including a plug having a sealing element with a sealing surface engageable with the seat and movable toward the seat to the closed regulator condition to close a flow path through the regulator and away from the seat to the open regulator condition to open the flow path through the regulator, the plug having radially disposed openings therein for communicating gas from around the plug to a central longitudinal bore in the piston, the piston having an impingement surface in flow communication with the central bore such that gas pressure on the impingement surface exerts a force on the piston to move the piston to the closed regulator condition;
>
> a spring for urging the piston to the open regulator condition; and
>
> a pin valve disposed within the central longitudinal bore in the piston.

(Exh. B, col. 5, line 46-col. 6, line 8).

42. The Regulator piston includes a plug in which a sealing element is positioned.

43. The Regulator piston plug has radial openings that open into a bore in the piston.

44. PSI has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is liable to PSI in an amount that adequately compensates it for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

45. Defendant has committed direct infringement as alleged in Counts I and II at least through making, offering to sell, selling and/or advertising the infringing Regulator.

46. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

47. Defendant's infringement of the '343 patent has been such that merits an award of enhanced damages under 35 U.S.C. § 284. Defendant has engaged in copying of PSI's patented technology, possibly aided by a former PSI employee who had access to PSI's technology. Plaintiff is complying with the notice requirements of 35 U.S.C. § 287. Defendant has had actual notice of the '343 patent since at least the service of this Complaint and, Defendant has continued or will be continuing to infringe the '343 patent since the date it has had notice despite an objectively high likelihood that their actions constitute infringement of the '343 patent and a subjective knowledge or obviousness of such risk.

48. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Pressure Specialist, Inc., requests that this Court find in its favor and against Defendant, Next Gen Manufacturing, Inc., and grant Plaintiff the following relief:

A. That Judgment be entered that Next Gen Manufacturing, Inc. has infringed the '447 and '343 patents, literally or under the doctrine of equivalents;

B. That, in accordance with 35 U.S.C. § 283, Next Gen Manufacturing, Inc., and all affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in active concert or participation with any of them, be preliminarily and permanently enjoined from (1) infringing the '447 and '343 patents and (2) making, using, selling, and offering for sale the Next Gen Manufacturing, Inc. Regulator;

C. An award of damages, sufficient to compensate Plaintiff for Next Gen Manufacturing, Inc.'s infringement under 35 U.S.C. § 284, including an award of enhanced damages up to three times the amount found or assessed;

D. That the case be found exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its attorneys' fees;

E. Costs and expenses in this action;

    F.  An award of prejudgment and post-judgment interest; and

    G.  Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 12, 2017            Respectfully submitted,

                                                 **PRESSURE SPECIALIST, INC.,**

                                                 By:   /s/ Gary I. Blackman
                                                         One of Its Attorneys

Gary I. Blackman (ARDC #6187914)
Mitchell J. Weinstein (ARDC #6217028)
LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle Street, Suite 1300
Chicago, Illinois  60602
Tel.:   (312) 346-8380
Fax:   (312) 346-8434
gblackman@lplegal.com
mweinstein@lplegal.com

Arthur A. Gasey
VITALE VICKREY NIRO & GASEY LLP
311 S. Wacker Drive, Suite 2470
Chicago, Illinois 60606
Tel.:  (312) 236-0733
Fax:  (312) 236-3137
gasey@vvnlaw.com