# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PRESSURE SPECIALIST, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-CV-6582 |
| | ) | |
| v. | ) | Hon. Amy J. St. Eve |
| | ) | |
| NEXT GEN MANUFACTURING, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On September 12, 2017, Plaintiff Pressure Specialist, Inc. ("PSI") brought the present Complaint against Defendant Next Gen Manufacturing ("Next Gen") alleging patent infringement. Before the Court is Next Gen's motion to dismiss Count I brought pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies Defendant's motion to dismiss.

## BACKGROUND

In this Complaint, Plaintiff asserts a patent infringement claim alleging that Defendant has infringed on Plaintiff's United State Patent No. 6,851,447, entitled "Direct Acting Gas Regulator" (hereinafter the "'447 Patent"), and United State Patent No. 7,059,343 (hereinafter the "'343 Patent").[1] (R. 1, Compl.) Plaintiff is an Illinois corporation with its principal place of business in Crystal Lake, Illinois, and it is in the business of designing, developing, manufacturing, and selling hoses, fittings, regulators, fill stations, and accessories for paintball,

---

[1] Both patents are attached to Plaintiff's Complaint as Exhibit A and Exhibit B.

air-gun, and related industries. (*Id.* ¶¶ 1, 5.) Plaintiff has designed and holds 12 patents covering paintball products. (*Id.* ¶ 5.) Defendant is an Illinois corporation with its principal place of business in Elgin, Illinois. (*Id.* ¶ 2.)

Plaintiff alleges that Defendant infringed on Plaintiff's patent by manufacturing and selling a paintball regulator called the PowerHouse Competition Regulator (the "Regulator"). (*Id.* ¶ 6.) A paintball regulator is a device that regulates the pressure of the air entering a paintball gun by cutting off the air source when the pressure in the regulator chamber reaches a certain pressure. (*Id.* ¶ 7.) ASTM is an international standards organization that publishes technical standards for a wide range of materials and products, and Plaintiff's regulators are ASTM-compliant. (*Id.*) Plaintiff alleges that Jeff Schreiber, Plaintiff's former employee, who worked on Plaintiff's research and development teams and had access to confidential information regarding Plaintiff's products, began working with Defendant to promote and sell the Regulator at issue after Plaintiff terminated him. (*Id.* ¶¶ 8-9.) Plaintiff brought a pending state court lawsuit against Schreiber for breach of non-competition and confidentiality agreements. (*Id.* ¶ 9.)

In Count I, Plaintiff alleges that it is the owner of all rights, titles, and interests in the '447 Patent, a valid, enforceable patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. (*Id.* ¶¶ 12-13.) Plaintiff alleges that Defendant directly infringed and continues to infringe on the '447 Patent through its production and sale of the Regulator. (*Id.* ¶ 14.) Claim 1 of the '447 Patent recites: a direct acting pressure regulator comprised of the following: (1) a body with a high pressure inlet and defining a seat, with a guide sleeve therein; (2) an bonnet with a regulated gas outlet and a body guide sleeve extending into the piston chamber; (3) a piston disposed within the piston chamber and in the

2

guide sleeve that is movable between open and closed regulator conditions and that has a sealing element formed of resilient materials; (4) a spring disposed in the piston chamber for urging the piston to the open regulator condition; (5) a first seal disposed between the sealing element and the piston chamber at about the guide sleeve; (6) a second seal disposed between the impingement surface and the piston chamber; and (7) a pin valve disposed in the central longitudinal bore of the piston. (*Id.* ¶ 15.)

Plaintiff alleges that the Regulator, Defendant's product, has a body with a high pressure inlet and a guide sleeve. (*Id.* ¶¶ 16-18.) It also has a bonnet with a low pressure side outlet that is threaded onto the body to define a piston chamber. (*Id.* ¶¶ 19-20.) The Regulator also has a piston disposed within the piston chamber and in part in the guide sleeve. (*Id.* ¶ 21.) Plaintiff alleges that the bonnet of the Regulator has a stop surface that stops movement out of the piston. (*Id.* ¶ 22.) The Regulator includes a gap between the piston and the piston chamber wall and the piston moves between open position and closed position. (*Id.* ¶¶ 23-24.) Plaintiff alleges that the Regulator's piston includes a support in which the resilient ball is positioned and this support has openings that open into a bore in the piston. (*Id.* ¶¶ 25-26.) The piston also includes a shoulder that engages the bonnet stop surface. (*Id.* ¶ 27.) A spring is positioned on the piston within the chamber that urges the resilient ball of the seat. (*Id.* ¶ 28.) The Regulator also has an O-ring seal on the piston and a pin valve on the piston bore. (*Id.* ¶¶ 29-30.) Plaintiff alleges that the Regulator infringes on Patent 447 causing damages to Plaintiff. (*Id.* ¶¶ 31-35.)

In Count II, Plaintiff alleges that it is the owner of all right, title, and interest in the '343 Patent, a valid, enforceable patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringement. (*Id.* ¶¶ 38-39.) Plaintiff alleges that Defendant directly infringed and continues to infringe on the '343 Patent through its production

and sale of the Regulator. (*Id.* ¶ 40.) Claim 1 of the '343 Patent recites: a direct acting pressure regulator comprised of the following: (1) a body with a high pressure inlet and defining a seat; (2) a bonnet that engages with the body to define a piston chamber within the body and the bonnet and with a regulated gas outlet; (3) a piston disposed within the piston chamber and defining a gap between the piston and the wall defining the chamber and capable of moving between open and closed regulator conditions and that has a plug with a sealing element that engages with the seat; (4) a spring for urging the piston to the open regulator condition; and (5) a pin valve disposed in the central longitudinal bore of the piston. (*Id.* ¶ 41.) The Regulator piston has a plug in which a sealing element is positioned with radial opening that open into a bore in the piston. (*Id.* ¶¶ 42-43.) Plaintiff alleges that the Regulator infringes on the '343 Patent causing damages to Plaintiff. (*Id.* ¶¶ 44-47.)

## LEGAL STANDARD

Even in patent cases, the Court looks to Seventh Circuit law for the standard governing motions to dismiss under Rule 12(b)(6). *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1337 (Fed. Cir. 2016); *see also Alfred E. Mann Found. for Sci. Res. v. Cochlear Corp.*, 841 F.3d 1334, 1346 (Fed. Cir. 2016). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a

right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

In determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Some of the facts the Court references come from exhibits attached to the complaint. The Court may properly consider such attachments in ruling on a Rule 12(b)(6) motion to dismiss. *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013); *McWorthey v. Tech. Ins. Co.*, No. 15-cv-5021, 2016 WL 4398063, at *3 n.3 (N.D. Ill. Aug. 18, 2016). When the exhibits contradict the allegations, "the exhibits trump the allegations." *See Abcarian v. McDonald*, 617 F.3d 931, 933 (7th Cir. 2010); *McWorthey*, 2016 WL 4398063, at *3 n.3.

## ANALYSIS

U.S. Code Title 35, Section 271(a) governs direct patent infringement and provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). "To prove infringement, the patentee must show that an accused product embodies all limitations of the claim [that the patentee alleges the defendant infringed] either literally or by the doctrine of equivalents." *Cephalon, Inc. v. Watson Pharm., Inc.*, 707 F.3d 1330, 1340 (Fed. Cir. 2013); *see also Profectus Tech. LLC v. Huawei Techs. Co.*, 823 F.3d 1375, 1382 (Fed. Cir. 2016) ("The infringement inquiry asks if an accused device contains every claim limitation or its equivalent."). "To establish literal infringement, every limitation set forth in a claim must be

found in an accused product, exactly." *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, 808 F.3d 1313, 1319 (Fed. Cir. 2015) (quoting *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995)).

Courts applying the *Twombly-Iqbal* standard to patent infringement claims have required plaintiffs to set forth sufficient facts to plausibly allege that the accused product embodies every limitation in a particular asserted claim. *See, e.g.*, *Scripps Res. Inst. v. Illumina, Inc.*, No. 16-cv-661 JLS (BGS), 2016 WL 6834024, at *4 (S.D. Cal. Nov. 21, 2016); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016). This requirement flows naturally from the *Twombly/Iqbal* standard and the burden of proof in a patent infringement case "because 'the failure to meet a single limitation is sufficient to negate infringement of [a] claim.'" *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-CV-05790-JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) (alteration in original) (quoting *Laitram Corp v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991)).

Here, to prevail on its infringement claim, Plaintiff will have to show that the Regulator meets the guide sleeve limitation of the claim because, as noted above, "[d]irect infringement . . . requires that each and every limitation set forth in a claim appear in an accused product." *LifeNet Health v. LifeCell Corp.*, 837 F.3d 1316, 1325 (Fed. Cir. 2016) (citation and quotation marks omitted)). Plaintiff, however, does not need to prove its case at the pleading stage. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.* ("*Bill of Lading*"), 681 F.3d 1323, 1339-40 (Fed. Cir. 2012) (observing that the *Twombly/Iqbal* pleading standard "does not mean . . . [plaintiff] must prove its case at the pleading stage" and reversing Rule 12(b)(6) dismissal of induced infringement claim).

Indeed, the U.S. Court of Appeals for the Federal Circuit has cautioned against construing claim language to resolve, at the pleading stage, what are effectively non-infringement arguments. In *Bill of Lading*, 681 F.3d at 1343 n.13, for example, the Federal Circuit reversed a court's dismissal of a patent infringement claim and stated that in deciding motions to dismiss, a court should not "base[ ] its assessment of the 'reasonableness' of a given inference of infringement on a narrow construction of the patent's claims," in part because "claim construction at the pleading stage—with no claim construction processes undertaken"—is "inappropriate." *See also Novartis Pharm. Corp. v. Actavis, Inc.*, No. 12-366-RGA, 2012 WL 6212619, at *7-8 (D. Del. Dec. 5, 2012) (discussing rationale for not resolving claim construction and non-infringement arguments at pleading stage).

In line with this principle, district courts have "repeatedly held that if a court is required to construe the meaning of claim terms and perform an infringement analysis in order to resolve a motion to dismiss . . . the motion should be denied, because this type of analysis is inappropriate at the pleading stage." *Id.* at *7 (collecting cases). "These courts have reasoned that it is unsuitable to engage in such an inquiry at the pleading stage, because claim construction can be illuminated by the consideration of extrinsic evidence-evidence that is often not before the court at that stage." *Id.* These courts have also "note[d] that a claim construction analysis at the pleading stage does not benefit from the procedures (including . . . the exchange of proposed constructions and extensive briefing) that typically precede a *Markman* hearing." *Id. See also Midwest Innovative Prod., LLC v. Kinamor, Inc.*, No. 16 CV 11005, 2017 WL 2362571, at *4 (N.D. Ill. May 31, 2017) (refusing to dismiss infringement claim because "claims are afforded 'their broadest possible construction' at the pleading stage" and the parties had not yet developed claim construction issues) (internal quotation omitted); *Lecat's Ventriloscope v. MT Tool &*

*Mfg.*, No. 16 C 5298, 2017 WL 1362036, at *4 (N.D. Ill. Jan. 6, 2017) (refusing to dismiss infringement claim because it "would be inappropriate to . . . engage in infringement analysis at the pleading stage" and plaintiff plausibly alleged that accused product included all elements of patent); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 890 (N.D. Cal. 2011) (same).

Here, the '447 Patent includes the following elements: (1) a body; (2) a bonnet; (3) a piston; (4) a spring; (5) a first seal; (6) a second seal; and (7) a pin valve. (Compl., Ex. A, '447 Patent 7.) The Patent states, in relevant part, that the bonnet contains a "body guide sleeve extending into the piston chamber" and that the piston is "disposed within the piston chamber and in part in the guide sleeve." (*Id.*) The Patent also contains three figures, pictured below, and labelled Figures 1, 2, and 3:



**FIGURE 1**

**FIGURE 2**



**FIGURE 3**

(*Id.* 3-4.) In its Complaint, Plaintiff alleges that the body of Defendant's product, the Regulator, "has a guide sleeve." (Compl. ¶ 18.)

Despite the language in the '447 Patent and Plaintiff's allegations, Defendant argues that the Court should dismiss Count I because Plaintiff has failed to sufficiently allege that the Regulator contains a guide sleeve and that in fact, the Regulator does not contain a guide sleeve. Defendant's primary argument is that Figure 1 and Figure 2 are the actual representations of the product the '447 Patent protects, and Figure 3 is "an unclaimed embodiment of a regulator without a guide sleeve." (Def.'s Mot. to Dismiss 3.) Defendant argues that Figures 1 and 2 show a U-shaped guide sleeve (at part 57 in Figure 1) that is not present in the Regulator,[2] and thus Plaintiff has not stated an infringement claim.[3]

---

[2] Defendant provides photographs in its Motion to Dismiss that it purports show that the Regulator does not infringe on the '447 Patent. The Court, however, will not consider new allegations, documents, or photographs presented along with its Motion to Dismiss because in a 12(b)(6) challenge, "[t]he attack is on the sufficiency of the complaint, and the defendant cannot set or alter the terms of the dispute, but must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Smith v. Burge*, 222 F. Supp. 3d 669, 691 (N.D. Ill. 2016) (quoting *Gomez v. Ill. State Bd. of Educ.,* 811 F.2d 1030, 1039 (7th Cir. 1987)).

[3] Defendant also argues, without any citation, that the "differentiating feature of the two patents, and thus, of the two claims, is whether the presence of a guide sleeve is required for infringement." (Def.'s Mot. to Dismiss 2.) As Plaintiff notes, this claim is incorrect—the '447 Patent and the '343 Patent have several

Defendant's arguments are unavailing. First, as Plaintiff notes in response, the '447 Patent provides that Figure 3 is "an alternate embodiment of the direct acting gas regulator" that is "similar to the embodiment" in Figures 1 and 2 and that, outside of a difference between the coil spring and ball in the figures, the remaining portions "are identical or similar" in Figures 1, 2, and 3. ('447 Patent 4.) Based on this language, even if the Regulator at issue is more similar to the regulator in Figure 3—which Plaintiff claims does not have a guide sleeve and Defendant claims has a L-shaped guide sleeve as opposed to a U-shaped guide sleeve—at this stage, the Court cannot find that it is not covered by the '447 Patent because the '447 Patent explicitly states that the regulator in Figure 3 is an alternate embodiment of the covered regulator.

Second, and more importantly, it is premature for the Court to make an infringement determination at this stage. As the court stated in *Kinamor*, 2017 WL 2362571, at *4, "claims are afforded 'their broadest possible construction' at the pleading stage." Here, Plaintiff has provided the '447 Patent, and Plaintiff has alleged that Defendant's product, the Regulator, contains the elements discussed in the '447 Patent, including the guide sleeve. (Compl. ¶ 18.) Plaintiff need not "prove its case at the pleading stage," and as such, viewing the allegations in Plaintiff's favor, Plaintiff has sufficiently alleged an infringement claim. *Bill of Lading*, 681 F.3d at 1339-40. In line with the cases discussed above, the Court will not "engage in an infringement analysis at the pleading stage" or attempt to analyze—before any claim construction—the scope of the patent or the differences between the Regulator and Plaintiff's regulator. *Lecat's Ventriloscope*, 2017 WL 1362036, at *4; *see also Novartis*, 2012 WL 6212619, at *7-8 (refusing

---

differences, including the first seal and second seal elements required in the '447 Patent. Regardless, those differences are irrelevant, as Defendant has only moved to dismiss Count I, regarding the '447 Patent, and thus, the Court only considers the '447 Patent.

to dismiss because it would be inappropriate to "construe the meaning of claim terms and perform an infringement analysis" at the pleading stage).

## CONCLUSION

For these reasons, the Court denies Defendant's motion to dismiss Count I.

**Dated:** January 24, 2018

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**